UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-206-01-F
No. 5:09-CV-284-F

| | | |
|---|---|---|
| LAMONT LEE TURRENTINE, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent.. | ) | |

This matter is before the court for initial consideration of Lamont Lee

Turrentine's ("Turrentine") "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to

28 U.S.C. § 2255 [DE-49], deemed filed on June 22, 2009.[1] Rule 4, RULES GOVERNING § 2255

PROCEEDINGS, provides:

> **(b) Initial consideration by judge.** . . . If it plainly appears
> from the motion, any annexed exhibits, and the record of prior
> proceedings that the moving party is not entitled to relief, the
> judge must dismiss the motion and direct the clerk to notify the
> moving party.

Prior to Turrentine's arraignment, which was continued several times, defense

counsel filed two motions to suppress as well as several other pretrial motions and a pretrial

memorandum. Trial eventually was scheduled for the court's July 16, 2007, term of court, but

he changed his mind and entered a plea of guilty on June 15, 2007, the date set aside for the

---

[1]     That this motion had fallen through the cracks was brought to the court's
attention by Turrentine's Motion for Status [DE-83] received in the Clerk's Office on February
4, 2011. The Motion for Status is ALLOWED, in that this order is dispositive of Turrentine's §
2255 motion.

hearing on his motions to suppress. In light of his guilty plea, Turrentine's motions to suppress were administratively terminated. *See* Clerk's Minute Entry of June 15, 2007.

Turrentine pled guilty to Count One of a two-count indictment, charging him with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924. Count Two, charging possession of a quantity of cocaine base in violation of 21 U.S.C. § 841, was dismissed pursuant to a Memorandum of Plea Agreement [DE-53]. At his Rule 11 hearing on June 15, 2007, the undersigned advised Turrentine of the charges against him and the penalties for such charges. After doing so, the court inquired of Turrentine, "The court has been handed a plea Agreement indicating that you wish to plead guilty to Count One. Is that what you wish to do"? Transcript [DE-67] at p. 15. Turrentine responded under oath, "Yes." *Id.* He further confirmed that he had discussed that charge with his attorney, that he understood the charge, *see id.* at p.16, and that he had discussed with his attorney the applicability of the sentencing factors including the advisory guidelines to his case and the potential effect on his sentence, *see id.* at p. 16. He denied under oath than anyone had threatened him or anyone else or forced him in any way to plead guilty. *Id.*

Because Turrentine had entered into a plea agreement [2] [DE-21] with the Government, the Assistant United States Attorney, at the court's direction, read the material terms of that agreement into the record, which included that Turrentine agreed, *inter alia*,

> to waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further, to waive all rights to contest the conviction or sentence in any post-conviction proceeding, [including one pursuant to 28 U.S.C. § 2255], excepting an appeal or motion based upon grounds of

---

[2]     The written Memorandum of Plea Agreement [DE-21] is signed by Turrentine, his attorney, and the Assistant United States Attorney.

2

ineffective assistance of counsel or prosecutorial misconduct not know to the defendant at the time of the defendant's guilty plea.

Transcript of Rule 11 hearing [DE-67], p. 18.[3] Turrentine stated under oath that the United States Attorney correctly had read the essential terms of his plea agreement. *See id.* at p. 20. Turrentine also responded under oath in the affirmative when the court inquired,

> Do you understand that the terms of plea agreement are merely recommendations to the court?
>
> Do you also understand that any stipulations contained within the plea agreement do not bind the court?
>
> Do you further understand that you reserved only the right to appeal from an upward departure from the advisory guideline established at sentencing and that you otherwise waive all rights to appeal whatever sentence is imposed and you waive all rights to contest your conviction or sentence in a post-conviction proceeding except upon the grounds of ineffective assistance of counsel or prosecutorial misconduct not known to you at this time?

*Id.* at pp. 20-21. Turrentine responded negatively when the court ask him the following questions:

> Has anyone made any promise other than the plea agreement that induced you to plead guilty?
>
> Is there any other information or advice that you want before the court accepts your plea?
>
> Has anyone made any promise to you as to what your sentence will be?

*Id.* at pp. 21-22.

Finally, Turrentine admitted under oath that he did, in fact, knowingly possess a firearm on or about May 22, after previously having been convicted in a court of a crime

---

[3]    The written plea agreement [DE-53] contains the bracketed phrase, but it was omitted from the Assistant United States Attorney's recitation of the terms and conditions in open court.

3

punishable by imprisonment of one year or more. *See id.* at p. 22. The court accepted his guilty plea and set a date for sentencing.

In advance of sentencing, defense counsel filed a sentencing memorandum [DE-55], together with a number of character letters. On September 5, 2007, Turrentine was sentenced to a term of 120 months, which was within the advisory guideline range. *See* Judgment [DE-59]. Notwithstanding his appeal waiver, Turrentine filed a notice of appeal [DE-57]. The Fourth Circuit Court of Appeals appointed trial counsel to represent him on appeal. *See* [DE-62]. Upon motion of the Government over Turrentine's objection, the Fourth Circuit Court of Appeals dismissed the appeal based on its finding that "the appeal waiver is valid and enforceable and the issue Turrentine seeks to raise on appeal lies within the scope of the waiver." *United States v. Turrentine*, No. 07 -4860 (4th Cir. July 23, 2008). In so finding, the appellate court made a de novo determination that Turrentine's appeal waiver was valid in that it was "knowing and voluntary."

By motion deemed timely filed on June 22, 2009, Turrentine challenges the validity of his appeal waiver, moves to set aside his guilty plea, and seeks to claim the benefit of the Supreme Court's decision in *Arizona v. Gant*, ____ U.S. ____, 129 S. Ct. 1710 (2009), to exonerate him from the conduct underlying his count of conviction. Specifically, Turrentine alleges, *inter alia*, that his guilty plea was involuntary in that his counsel forced him to plead guilty against his wishes and that notwithstanding his sworn statements in response to this court's questions during his Rule 11 colloquy, he did not understand or consent to the appeal waiver. He argues that upon withdrawal of his involuntary guilty plea, the felon in possession charge should be dismissed against him because *Gant*, decided 19 months after he was sentenced (and more than a year after his conviction and sentence became final), rendered the conduct underlying the offense of conviction non-criminal.

4

Turrentine's petition and the matters of record demonstrate that he is not entitled to relief under § 2255. First, he validly waived his post-conviction rights. The Fourth Circuit Court of Appeals' *de novo* review established that legal conclusion on direct appeal. Secondly, even if Turrentine had not waived his right to bring a § 2255 action, his petition fails to state a claim because it is well-settled that "[w]hen the Supreme Court clarifies the boundaries of a constitutional search in one case, in fairness, that clarification must be consistently applied to all cases that are *not yet final." United States v. Gonzalez*, 988 F.3d 1095, 1097 (9th Cir. 2010) (emphasis added) (citations omitted).

Turrentine's case became final 90 days after the Fourth Circuit Court of Appeals dismissed his appeal – about six months before *Gant* was announced on April 21, 2009. *Gant* has not, in fact, been made retroactive to cases on collateral review. *See, e.g., United States v. Brown*, No. 7:06-246-HMH, 2009 WL 1605634 (D.S.C. June 5, 2009) ("The United States Supreme Court has not made *Gant* retroactive to cases on collateral review. ' [A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive' ") (citation omitted); *United States v. Kent,* No. 1:10CV63JCH, 2010 WL 3258579, slip op. at *2 (E.D. Mo. Aug. 16, 2010) (same); *Wright v. United States,* No. 5:09–05106-RAL, 2010 WL 2382854, slip op. at *4 (D.S.D. June 11, 2010) (same); *Bess v. United States*, 2010 WL 1903585 (S. D. Ga. March 19, 2010) ("the Supreme Court has not made *Gant* retroactively applicable to cases on collateral review") (same); *United States v. Robinson,* No. 5:08-CR-20, 2009 WL 3261709, slip op. at *2 (W.D.N.C. Oct. 8, 2009) (same).

## SUMMARY

Accordingly, for the foregoing reasons, as it plainly appears from the motion and the prior proceedings in this case that Turrentine is not entitled to relief on his § 2255, the instant motion [DE-80] is DISMISSED pursuant to Rule 4, RULES GOVERNING § 2255

5

PROCEEDINGS. Turrentine's Motion for Status [DE-83] is ALLOWED, and the Clerk of Court is DIRECTED to so notify Turrentine.

After reviewing the claims presented in the instant habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED. Rule 11 (c)(1)(B), (2), RULES GOVERNING § 2255 PROCEEDINGS.

SO ORDERED.

This, the 4th day of February, 2011.

JAMES C. FOX
Senior United States District Judge

6