UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-206-01-F
No. 5:09-CV-284-F

| | | |
|---|---|---|
| LAMONT LEE TURRENTINE, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent.. | ) | |

Lamont Lee Turrentine ("Turrentine') again is before the court, this time by motion styled, "Motion to Clarify Order to Petitioner's Request to Alter or Amend Judgement Filed in Denial of § 2255 Motion." *See* [DE-90]. Turrentine contends the court and the Government are confused about his case, and that this court's order [DE-89] dismissing his earlier "Motion to Alter or Amend" [DE-86] was in error.

The record of this case post-sentencing, reveals that Turrentine's direct appeal was dismissed by the Fourth Circuit Court of Appeals as meritless in light of his knowing and voluntary waiver of his appeal rights, pursuant to *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005). *See United States v. Turrentine*, No. 07-4860 (4th Cir. July 23, 2008) [DE-71]. It does not appear that Turrentine petitioned the Supreme Court for a writ of *certiorari*.

Instead, Turrentine filed a handwritten motion captioned, "Re 3582 crack amendments" [DE-75], accompanied by what appears to be a portion of his lawyer's *Anders* appellate brief proposing a lack of nexus between the illegally possessed firearm and a quantity of crack and marijuana that was the subject of dismissed Count Two.[1] Turrentine's "3582 crack

---

[1] The brief excerpt argued that Turrentine's sentence should not have included a four-level enhancement pursuant to advisory United States Sentencing Guidelines ("USSG") § 2K2.1(b)(6).

amendments" motion [DE-75] was treated as one brought pursuant to 18 U.S.C. § 3582 (c)(2) for a reduction in sentence by virtue of the retroactive USSG crack amendment because of the manner in which it was captioned and the fact that the case already had completed the appeals process.[2] The motion was denied by order of April 3, 2009. *See* [DE-79].

Almost three months later, Turrentine filed a Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. *See* [DE-80]. According to the certificate of service, Turrentine signed that motion on June 22, 2009, and the envelope containing the motion bore a postmark of the same date. *See id*, Attachment 1. The § 2255 motion was filed in a timely manner. It was at this point that the case "fell through the cracks," and did not resurface until February 2011 when Turrentine filed a "Motion for Status," [DE-83] deemed filed no later than February 1, 2011 (date of postmark).

Upon receipt of the "motion for status," the undersigned reviewed the pending motions and by order filed February 4, 2011 [DE-84], allowed Turrentine's "Motion for Status" [DE-83] but dismissed his § 2255 petition [DE-80] pursuant to Rule 4, RULES GOVERNING § 2255 PROCEEDINGS. The reasoning was as follows. Turrentine's § 2255 petition claimed that his guilty plea, including his appeal waiver, was invalid as involuntary and unknowing because his counsel forced him to plead guilty and otherwise rendered ineffective assistance. Therefore, he

---

[2] A closer look at the argument presented in the "3582 crack amendments" motion reveals that Turrentine believed his § 922(g) felon-in-possession sentence was wrongfully enhanced on account of crack possession, which conduct formed the factual basis for Count Two that was dismissed according to the plea agreement. That is, he reasoned that the court should apply the retroactive crack amendment to allow him to be re-sentenced on the § 922(g) guilty plea without consideration of the conduct underlying the dismissed crack possession count.

In pertinent part, Turrentine explained, "I sent two paper work on my case, I was force to plead out, my right time would be 77-96 month without the 4 point enhancement, so I figured that I should receive the 4 level reduction pertaining to the new amendments, cause they drop the crack charge, but enhancement me for it, that's Double Jeopardy right." [DE-75].

2

argued, he should be allowed to withdraw his forced and unknowing guilty plea, enter a plea of "not guilty" to the charge of possession of a firearm by a felon, then have that charge dismissed because the factual predicate therefor had been rendered non-criminal by the decision in *Arizona v. Gant*, 129 S. Ct. 1710 (2009). However, the appellate court already had made the determination on direct appeal that Turrentine's guilty plea was voluntarily and knowingly entered, and that his plea agreement, including the waiver provisions, was valid. Turrentine did not file a notice of appeal of this order.

On February 28, 2011, the Clerk's Office submitted to the undersigned Turrentine's Motion to Alter or Amend Judgment [DE-86], that had been received at FCI-Estill for mailing on February 19, 2011, and received in the Clerk's Office in Raleigh, on February 24, 2011. That motion became ripe when the Government, on March 8, 2011, filed a Response [DE-88] in opposition, arguing that the Motion to Alter or Amend, in fact, constituted a second or successive petition for collateral relief cognizable under § 2255. The following day, the court entered the order [DE-89] agreeing with the Government's assessment and dismissing the Motion to Alter or Amend without prejudice to re-file upon obtaining authorization from the appellate court. Turrentine did not file a notice of appeal of the March 9, 2011, order.

Instead, he filed the instant "Motion to Clarify" [DE-90] in which he requests that he be allowed "to continue with the original § 2255 motion, and not have to seek permission to file a Second or Successive until the first is completed." *Id.* at p. 2. Turrentine is specifically advised that his § 2255 motion has been adjudicated on the merits. By order of February 4, 2011, the undersigned concluded that the record on its face revealed that Turrentine is not entitled to § 2255 relief, pursuant to Rule 4 of the RULES GOVERNING § 2255 PROCEEDINGS. This is so because the Fourth Circuit's ruling on direct appeal that Turrentine's guilty plea was knowing and voluntary precluded his being able to demonstrate "prejudice" as

required by *Strickland v. Washington*, 466 U.S. 668 (1984) to prove ineffective assistance of counsel in entry of that plea.

To the extent Turrentine seeks relief from his conviction or sentence by way of his "Motion to Clarify" [DE-90], that motion is DENIED. Turrentine is free to seek relief from this final order by way of appeal if he so desires.

SO ORDERED.

This, the 11th day of April, 2011.

_____
JAMES C. FOX
Senior United States District Judge